UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────────────────────

MONTREAL D. GREER,

           Plaintiff,

       v.                                    Case No. 23-cv-1617-bhl

THOMAS J. SAMS,

           Defendant.
─────────────────────────────────────────────────────────────

## SCREENING ORDER
─────────────────────────────────────────────────────────────

Plaintiff Montreal D. Greer, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Greer's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Greer has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Greer has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.03. The Court will grant Greer's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Greer was an inmate at the Waupun Correctional Institution. Dkt. No. 1, ¶1. Defendant is Correctional Officer (CO) Thomas J. Sams. *Id.*, ¶2.

On April 17, 2023, Greer began to suffer from suicidal thoughts while in the Restrictive Housing Unit. *Id.*, ¶4. He told CO Sams, "I am suicidal and I'm about to cut myself." *Id.*, ¶5. CO Sams responded, "Ok, I'll tell the sergeant you're suicidal," and walked away to continue collecting trash from the unit. *Id.*, ¶6. Greer states that, at that time, CO Sams did not use the radio to contact the sergeant. *Id.* Seven minutes passed, and Greer's suicidal thoughts got worse. *Id.*, ¶7. Greer again shouted, "I am suicidal and I'm about to cut myself," and CO Sams again responded, "I know. I'll let the sergeant know." *Id.* CO Sams finished collecting the trash and left the unit without using the radio to call the sergeant. *Id.*, ¶9. Greer then took a broken spoon and began to cut himself for about 90 minutes, until he was bleeding from his left arm. *Id.*, ¶10. CO Sams never returned to the unit to check on Greer, and other documents allegedly show that he never called a sergeant or anybody else to assist Greer with his mental health crisis. *Id.*, ¶¶11, 13. About an hour after that, a different correctional officer finally found Greer and took him to the nurse for medical care. *Id.*, ¶12. For relief, Greer seeks monetary damages. Dkt. No. 1 at 5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Greer asks to proceed on a failure to protect claim under the Eighth Amendment. Dkt. No. 1 at 1. Failure to provide protection from suicide or self-harm constitutes an Eighth Amendment violation. *Eagen v. Dempsey*, 987 F.3d 667, 693-94 (7th Cir. 2021). To state a claim, Greer must allege: (1) "he presented an objectively serious medical need;" and (2) "a defendant [ ] responded [ ] with deliberate indifference, thereby resulting in some injury." *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020) (citing *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016)). A medical

3

condition is objectively serious if it is "so obvious that even a lay person would perceive the need for a doctor's attention." *See Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The Seventh Circuit has confirmed that suicidal thoughts can be "an objectively serious medical condition…[and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." *Lord*, 952 F.3d at 904 (citing *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019)). A defendant responds with deliberate indifference when he or she "actually knew of and disregarded a substantial risk of harm." *Petties*, 836 F.3d at 728.

Greer alleges that, on April 17, 2023, he told CO Sams he was suicidal several times, but CO Sams did not radio anyone for help or otherwise call for assistance. CO Sams also never returned to Greer's unit to check on him. As a result, Greer spent 90 minutes cutting himself with a broken spoon until he bled from his left arm. Based on these allegations, the Court can reasonably infer that CO Sams may have been deliberately indifferent towards his serious mental health needs. Therefore, Greer may proceed on an Eighth Amendment failure to protect claim against CO Sams in connection with the April 17, 2023 self-harm incident at the Waupun Correctional Institution.

## CONCLUSION

The Court finds that Greer may proceed on an Eighth Amendment failure to protect claim against CO Sams in connection with the April 17, 2023 self-harm incident at the Waupun Correctional Institution.

**IT IS THEREFORE ORDERED** that Greer's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Greer's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Sams.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Sams shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Greer shall collect from his institution trust account the **$346.97** balance of the filing fee by collecting monthly payments from Greer's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Greer is transferred to another institution, the transferring institution shall forward a copy of this Order along with Greer's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Greer is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Greer is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge